# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRENDA L. ARGROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-042 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Represented by counsel, but proceeding *in forma pauperis*, plaintiff Brenda L. Argrow seeks judicial review of the decision of the Commissioner of Social Security denying her application for Social Security Disability benefits and Supplemental Security Income benefits. *See* doc. 1 at 1. The Court granted her request to pursue this case *in forma pauperis*. Doc. 7. The Clerk of Court also issued a summons, presumably to plaintiff's counsel. *See* doc. 8. To date, no return of service has been filed. *See generally* docket. The Court enters this Order to clarify plaintiff's responsibility to serve the Commissioner, and avoid undue delay in the resolution of her request for judicial review.

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]." Fed. R. Civ. P. 4(c)(1), (m). The Rules also provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Alternatively, a plaintiff authorized to proceed *in forma pauperis* is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request." Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Adam N. Steinman, Federal Practice & Procedure Civil § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . .").

The Court construes Plaintiff's request for, and the Clerk's issuance of, a summons as an indication that she intends to be responsible for service upon the Commissioner. To the extent that she instead wishes to elect marshal service, she is directed to file a motion formally requesting

such service no later than May 6, 2022. Such request must include an explanation of her efforts to serve the Commissioner since the summons was issued. The Court notes that the ninety-day period for service, provided by Rule 4(m), will run on May 17, 2022. If Plaintiff wishes to seek an extension of that period to accommodate her own efforts to serve the Commissioner, she is free to do so. To the extent that she has already served the Commissioner, she may fully comply with this Order by filing proof of service or the Commissioner's waiver.[1]

**SO ORDERED,** this 4th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also notes that the United States Attorney has entered an appearance on behalf of the Commissioner. *See* doc. 10. Although that appearance strongly suggests that the Commissioner has been served, the Court will nevertheless require the clarification directed above.